*237 The material facts in the case will, appear from the opinion of the Court, which was drawn up by
Davis, J.
The widow of Samuel Tarbox duly waived the provision made for her by the will of her husband, and claimed an allowance out of his personal estate. The Judge of Probate allowed her the sum of $2000; and the executor of the will appealed from the decree. Before the next term of the Supreme Court of Probate the widow died. The executor entered his appeal; and an administrator upon the estate of the Avido w having been appointed, he now claims that the decree of the Probate Court should be affirmed, and the amount paid to him.
It is a general principle of law, that an appeal vacates the° judgment or decree appealed from. And this applies to appeals from decrees of a Probate Court. Paine v. Cowdin, 17 Pick., 142. If only suspended by an appeal, their force and effect cannot antedate their affirmation. No decree for an allowance having been finally made at the time of the Avidow’s decease, did her claim survive ?
Such a claim does not come within any of the provisions of the statute relating to the survival of actions. If it survives, therefore, it must be on the ground that the right was vested in the widow in her lifetime.
Her right under the will, if she had not waived the provision, would have related back to the time of her husband’s decease. So, if there had been no will, her right to one-third of the personal property, after the payment of the debts, would have been absolute on the death of her husband ; and her death, before any decree for distribution, would not have prevented the right to it from vesting in her administrator. Foster v. Fifield, 20 Pick., 67. It is contended that her right to an allowance Avas of the same nature, and was vested in her upon the death of her husband.
The difference in the cases is apparent, at the very point upon Avhich the vesting of the right depends. The right of a widow of an intestate to her distributive share of the personal estate, is made absolute by the statute itself, and is not *238 dependent upon any judgment or decree of any court. R. S.j'c. 75, §9. It therefore vests in her at once, upon the death of the husband.
But her allowance is made dependent upon the decree of the Judge of Probate, who is to hear her claim, and order the administrator, or the executor, if she waives the provision made for her by the will, or the estate is insolvent, to pay her "so much of the personal estate as he deems necessary, according to the degree and estate of her husband, and the state of the family under her care.” R. S., c. 65, § 13. Until there is a judicial determination, upon a hearing provided for by the statute, the claim is contingent and uncertain. Its allowance depends entirely upon the discretion of the Judge of Probate. The right to it cannot vest until a final decree is made. The decree in the case at bar having been vacated or suspended by the appeal, the right of the .widow could not become absolute until it should be affirmed by the appellate Court. Her death before that time operated as a discontinuance of her petition. Adams v. Adams, 10 Met., 170.
Nor is there any injustice in this. The design of the statute is to furnish a temporary support for the widow, until she can obtain her distributive share of the personal estate, or realize something from her right of dower. Brown v. Hodgdon, 31 Maine, 65; Washburn v. Washburn, 10 Pick., 374. The necessity for such support no longer'exists after her decease.-
It is suggested that such a rule will encourage parties to contest and protract all such proceedings, if interested to defeat the claim of a widow, in order to avail themselves of the chances of her death before a final decree. If this be so, and any remedy is necessary, it is for the Legislature, and not for the Court, to supply it. Such parties have the same inducements to protract proceedings for the assignment of dower; but it has never been contended that such right in any specific property becomes vested before a final decree or judgment therefor. The death of the widow be *239 fore such judgment or decree, defeats all right of dower; and until special provision was made therefor, in 1852, her death defeated her claim for damages for the detention of her dower. E. S., c. 103, § 24. No such provision is made by statute in claims for an allowance from the personal estate.
The petition has abated by the death of the widow. The case is remanded to the Probate Court, where its abatement will be entered of record. And the executor is ordered to pay the costs of both the parties out of the estate.
Eice, Cutting, Kent and Walton, JJ., concurred.