James A. Hussey *vs*. Edward S. Titcomb.

George W. Perkins et als *vs*. Same.

Charles M. Boyle et al *vs*. Same.

Charles M. Boyle *vs*. Same.

J. Wesley Neal *vs*. Same.

York.  Opinion January 4, 1929.

424

E. P. *Spinney,* for plaintiffs.
F. *Roger Miller,*
*Willard & Ford,* for defendant.

SITTING: WILSON, C. J.; STURGIS, BARNES, BASSETT, PATTANGALL, JJ.

STURGIS, J.   Five actions of *scire facias* to enforce judgments in trustee suits against the defendant as administrator of the estate of William H. Furlong, late of North Berwick, Maine, deceased. Exceptions to rulings by the presiding Justice at nisi prius bring the cases here, and identity of issues of fact and law permit a single consideration.

These actions are brought under R. S. Chap. 91, Sec. 67, and the trustee not having been examined in the original suits, in lieu of the examination on *scire facias* authorized by R. S. Chap. 91, Sec. 71, the trustee was charged on an agreed statement of facts of which the following are material.

William H. Furlong died intestate and without issue on November 17, 1924. He was survived by a widow, Winnie H. Furlong, who is the principal defendant in the trustee suits from which these *scire facias* actions originate.

January 2, 1925, Edward S. Titcomb, the defendant, was appointed and qualified as administrator of the estate of William H. Furlong; April 2, 1926, an inventory was filed showing personal estate only; May 28, 1926, the trustee writs, naming the widow as principal defendant and the administrator as trustee, were served; and at the September Term of the Supreme Judicial Court for the County of York the trustee, without examination, under oath, disclosed assets of the estate then in his hands amounting to $3,089.58.

At the following January Term judgment was entered for the plaintiffs, and on February 9, 1927, executions issued against the principal defendant and the trustee.

February 15, 1927, the administrator settled his first account, showing a balance of assets of $3,089.58 as disclosed. And on the same day, on a petition then pending, the Judge of Probate for the County of York granted to the widow, as a widow's allowance, all the personal estate of the deceased not necessary for payment of debts, funeral charges, and expenses of administration.

Except to note that the administrator has not yet filed his final account, and no order of distribution has issued, a further recital of facts seems unnecessary.

The liability of the principal defendant in the original trustee suits is admitted — the single question at issue being whether the trustee can be charged to the extent of this liability for the widow's distributive share or allowance. The court below ruled the trustee was liable as charged in the trustee suits, and ordered *scire facias* judgments to issue for the full amount of the plaintiffs' several claims with costs. The correctness of this ruling is challenged by the exceptions before us.

The principal defendant as widow of the intestate, there being no issue, was entitled upon distribution of her husband's estate to one half of the net balance of the personal estate in the hands of the administrator, after payment of debts, funeral charges, and charges of settlement, R. S. Chap. 80, Sec. 20; *Fogg, Appellant*, 105 Me., 480; *Smith, Appellant*, 107 Me., 247.

"Any debt or legacy due from an executor or administrator, and any goods, effects and credits in his hands, as such, may be attached by trustee process," but "No person shall be adjudged trustee by reason of any money or other thing due from him to the principal defendant, unless at the time of the service of the writ upon him, it is due absolutely and not on any contingency." R. S. Chap. 91, Secs. 36 and 55.

The contingency referred to in the statute is one which may prevent the principal from having any claim whatever or right to call the trustee to account or settle with him. It is not a contingency as to whether anything may be found due from the trustee to the principal, who has an absolute right to call upon the trustee to render the account and make the settlement. *Dwinel* v. *Stone*, 30 Me.,

384; *Wilson* v. *Wood*, 34 Me., 123; *Cutter* v. *Perkins*, 47 Me., 557; *Jordan* v. *Jordan*, 75 Me., 103.

It is therefore held in *Cutter* v. *Perkins*, supra, that the residuary bequest is subject to trustee process, the uncertainty as to its amount not clothing it with the contingency of the statute. "They (the residuary legatees) had a right to call upon the trustee to render his account in probate and make the settlement, and this, notwithstanding it might in the end turn out that the estate was all absorbed, without leaving anything for them."

The Court of Massachusetts reaches a similar conclusion in its construction of the statute of that Commonwealth, which in context and import is, substantially the same as that of Maine.

In *Wheeler* v. *Bowen*, 20 Pickering (Mass.), 563, the administrator of an intestate estate was charged on trustee process with the distributive share of an heir-at-law, before a decree of distribution, that Court holding that the uncertainty as to whether there would be anything for distribution was not a contingency within the statute.

In *Mechanics Savings Bank* v. *Waite*, 150 Mass., 234, it is said: "It is settled that the principal debtor's distributive share of an estate in the hands of an administrator may be attached by trustee process as soon as the administrator has given bond and has received letters of administration. The lien takes effect from the service of the process, and reaches the whole interest of the debtor in the personal estate that may eventually come into the hands of the administrator."

And in *National Bank* v. *Jaynes*, 225 Mass., 432, the Court observes: "It was early decided that the right of a legatee to a legacy and the interest of an heir in the distributive share of an intestate estate was subject to be attached on trustee process before it was ascertained that there would be sufficient assets to pay the same, notwithstanding the general provision of the trustee statute that no person should be adjudged a trustee 'by reason of any money or other thing due from him to the principal defendant, unless it is at the time of the service of the writ on him due absolutely and without depending upon any contingency.' "

The distributive share of Winnie H. Furlong, widow of the intestate in the instant case, meets these tests and falls within the rules stated. Her right to it was fixed by law. It vested at her hus-

band's death. The liability of the administrator of her husband's estate to account for it and make settlement cannot be questioned. The uncertainty as to whether anything would be eventually payable to her was not a statutory "contingency." It was attached at the time of the service of the trustee writs upon the administrator, and he was chargeable therefor upon final settlement of his account and decree of distribution, unless upon his disclosure in the original suits or on *scire facias* it appears that "the estate was all absorbed without leaving anything for them (the plaintiffs)." *Cutter* v. *Perkins,* supra.

Upon the facts stated, however, this widow's distributive share was "all absorbed." All personal estate of the intestate, after payment of debts and charges, was granted to the widow as an allowance under R. S. Chap. 70, Sec. 14. Such allowance took precedence over any distribution of the personal estate R. S. Chap. 80, Sec. 20 ; *Gilman* v. *Gilman,* 54 Me., 531, 535. The amount allowed rested in the reasonable judicial discretion of the Judge of Probate, *Walker, Appellant,* 83 Me., 17 ; *Kersey* v. *Bailey,* 52 Me., 198 ; *Gowen, Appellant,* 32 Me., 516, subject to review on appeal ; *Cooper, Petitioner,* 19 Me., 260 ; *Kersey* v. *Bailey,* supra, but not in these proceedings. The allowance included all the personal property of the estate from which the distributive share of the widow was payable. It must be held to have completely absorbed this share as of the date of the decree of the Judge of Probate granting the allowance, and the administrator of the estate was not thereafter chargeable for it on trustee process against the widow.

The liability of the defendant as trustee depended upon the condition of things as they existed at the time of service. A contingent liability to the principal defendant at the time of service, although changed into an absolute indebtment or liability after service and before judgment, will not render the trustee chargeable. *Williams* v. *Railroad Co.,* 36 Me., 201 ; *Norton* v. *Soule,* 75 Me., 385. Prior to the decree of the Judge of Probate granting the widow's allowance it was not subject to trustee process. Resting in the sound discretion of the Judge of Probate and not a matter of right, it was at the time of service of the trustee writs contingent and uncertain. *Tarbox* v. *Fisher,* 50 Me., 236, 238. It was not a debt due from the estate nor a distributive share of it. *Smith* v. *Howard,* 86 Me., 203, 208.

For the reasons stated the defendant cannot be held chargeable as trustee of the principal defendant in any of the five suits here involved. The trustee being a resident of the County where the original process was returnable, on *scire facias*, judgment for costs only can be rendered against him. The ruling below was error.

*Exceptions sustained in each case.*