LIZZIE E. HILT, APPELLANT FROM DECREE OF JUDGE OF PROBATE

*vs.*

ANDREW D. WARD.

Kennebec.     Opinion June 5, 1929.

*E. M. Thompson,* for appellant.
*Robert A. Cony,* for appellee.

SITTING: WILSON, C. J., DUNN, STURGIS, BARNES, PATTANGALL, JJ.

WILSON, C. J.   Cora Luce Ward died testate on February 19, 1928. Her husband within the statutory period waived the provisions of the will and petitioned the Probate Court that an allowance be made to him out of the personal estate under Sec. 14, Chap. 70, R. S.

The estate consisted of real estate appraised at $12,000, and personal estate of approximately $28,000. Among the articles of personal property in her estate were certain jewelry and clothing of the deceased, and also certain articles of household furniture, which the husband contended were owned by him and the deceased in common in equal shares.

The Probate Court after hearing, granted him an allowance to the amount of $462.53, with the right to take articles of personal property to that amount at the appraised value.

From this decree, the appellant, a niece of the testatrix and interested under the will and affected by the decree of the Probate Court, appealed and as reasons of appeal set forth in her appeal: (1) that no evidence was adduced as to the petitioner's need, or by and through which it could be judicially determined in accordance

with the spirit of the statute that it was necessary to grant an allowance to the petitioner as prayed for; (2) that the petitioner was a man of considerable means, with no family dependent upon him, and that his own property with his distributive share of the estate of the testatrix was more than ample to provide for all his needs; (3) that the petitioner at the hearing in the Probate Court requested that certain jewelry and clothing specifically enumerated be given him, that the articles of clothing and jewelry asked for by the petitioner were specifically bequeathed under the will of the testatrix.

It should be noted, however, that while the petitioner apparently requested at the hearing in the Probate Court that he be allowed the clothing and jewelry enumerated and certain articles of household furniture and the case apparently was heard in the Supreme Court of Probate on the basis that the decree authorized him to select the articles he desired, the decree of the Probate Court did not in terms go that far; but merely granted him an allowance of a definite sum, with the right generally to take personal property at its appraised value without specifying any particular articles.

Under proper circumstances, the authority to grant an allowance, though it diminish property specifically bequeathed, may be vested in the Probate Court, but the policy of this court has been to preserve the specific bequests in a will in so far as possible. *Brown* v. *Hodgdon,* 31 Me., 67; *Gilman* v. *Gilman,* 53 Me., 192; *Fox* v. *Rumery,* 68 Me., 129. Such a decree as made by the Probate Court in this case, however, would not authorize the taking of personal property specifically bequeathed if there was sufficient personal property not specifically disposed of by will equal in value to the allowance.

Upon a hearing before the Supreme Court of Probate, the decree of the Probate Court was affirmed, and the case is presented to this court on exceptions to the ruling of the Supreme Court of Probate affirming the decree below and also to a ruling that the bequests of "all the clothing" and "all the jewelry" of the testatrix was a general and not a specific legacy.

That the clauses of the will disposing of the clothing and jewelry created a specific and not a general legacy we think is clear.

The first clause reads: "I give and bequeath all the clothing and wearing apparel which I may own at my decease";

The second reads: "I give and bequeath all the jewelry . . . which I may own at my decease."

Such language is generally held by all the authorities to create a specific bequest. In *Tomlinson* v. *Bury*, 145 Mass., 346, 348, the Court said: "A bequest is not the less specific because it includes numerous articles. A bequest of all the horses which the testator may own, of all his plate, of all the books in his library or of all his horses, cattle, and farming tools on a particular farm or farms is specific."

"A specific legacy is a bequest of a particular article or a particular part of the testator's estate so described and distinguished from all other articles and parts as to be identifiable." *Kelly* v. *Richardson*, 100 Ala., 584. Also see *Wallace* v. *Wallace*, 23 N. H., 149; *Loring* v. *Woodward*, 41 N. H., 391; *Crawford* v. *McCarthy*, 159 N. Y., 514; *Kearns* v. *Kearns*, 76 Atl., 1042; *In re Stilphen*, 100 Me., 146.

The rule applied in *Palmer* v. *Palmer*, 106 Me., 25, and *Perry* v. *Leslie*, 124 Me., 93, does not apply to the language used by this testatrix. The rule applied in those cases related to bequests of a stated number of shares of stock without any reference to the particular shares intended to be bequeathed, and it was held to be a general and not a specific bequest, because it could be complied with by the delivery of any shares of the corporation named; but the court in *Palmer* v. *Palmer* laid down the rule which applies to the language of the will in the instant case: "A specific legacy is a bequest of a specific thing or fund that can be separated out of all the rest of the testator's estate of the same kind so as to individualize it and enable it to be delivered to the legatee as the particular thing or fund bequeathed."

When the testatrix in the case at bar gave "all of her clothing" and "all of her jewelry," she designated the particular clothing and the particular jewelry which she desired to go to the legatees named, and the bequest could not be met by any of the other property in the estate. It was clearly the intent of the testatrix to give the legatees named certain definite articles. There were no other articles in the estate that could satisfy this bequest. It included all

the articles of that character which she possessed as clearly as though she had enumerated each one.

While the authority to grant an allowance to a widow or a widower under Sec. 14, Chap. 70, R. S., is vested in the discretion of the Probate Court to be exercised in view of the needs and circumstances of the petitioner and the degree and estate of the deceased, and in so far as the Court acts within that authority, his conclusions will not be disturbed, *Costello* v. *Tighe*, 103 Me., 324; *Palmer Appl't*, 110 Me., 441; *Gower Appl't*, 113 Me., 158; yet "if he exercises discretion without authority, his doing so may be challenged by exceptions." *Palmer Appl't*, supra, p. 443.

It clearly appears in the decree and in the rulings of the Supreme Court of Probate that the presiding Justice assumed that the decree of the Probate Court authorized the taking of certain articles of clothing and jewelry and household effects and approved the decree below, not on the ground of the necessities of the petitioner, but because of the sentiment associated with the articles enumerated.

Evidence of any financial need on the part of the petitioner in this case, temporary or otherwise, is entirely lacking. While he is a man past eighty years of age, he is possessed of considerable means, approximately $30,000, in his own right in addition to the amount he will receive from his wife's estate. Again, the amount of the allowance is so small, $462.53, as to conclusively indicate that it could not have been granted on the ground of any financial necessity. This is also confirmed by the fact that the sum allowed is approximately the appraised value of the specific articles requested by the petitioner.

While the original intention of the statute giving the power to grant an allowance to a widow out of her husband's estate in addition to the amount she would receive as dower was to meet her temporary needs until she could realize something from her dower, *Hallenbeck* v. *Pixley Ex'r*, 3 Gray, 521, 525; *Foster* v. *Foster*, 36 N. H., 437, this court has always construed the statute liberally, *Kersey* v. *Bailey*, 52 Me., 198, 201; *Smith* v. *Howard*, 86 Me., 203, 209; and has not always limited the grounds to a petitioner's immediate needs; but the necessities of the petitioner are expressly made by the statute the underlying basis on which judicial discretion when exercised must rest for its authority.

It certainly was not the purpose of this statute to aid a widower or widow, without regard to his or her necessities, to obtain certain specific articles belonging to the estate of the other through an allowance by the Probate Court, merely because of the sentiment associated therewith.

A sound judicial discretion is not an unlimited power. It does not include arbitrary, unreasoning or even well intentioned action, without regard to the nature and purpose of the power vested in the court or to the provisions of the statute granting the authority.

If the Supreme Court of Probate had merely dismissed the appeal and affirmed the decree of the Probate Court, we might have hesitated to interfere, even though we think judicial discretion would then, under the circumstances of this case, have been strained to the limit. But by giving consideration to the element of sentiment connected with the petitioner's entirely laudable desire in this instance to possess the wedding ring and certain other articles of jewelry and clothing and household goods which had only a peculiar and sentimental value to him, without any evidence of financial necessity as a basis for the exercise of the power, we think the Supreme Court of Probate went outside the realm of the judicial discretion vested in it under the statutes. Schouler on Wills (5th Ed.), Vol. 2, Sec. 1449; *Hollenbeck* v. *Pixley Ex'r*, supra.

It may be urged that since the decree as affirmed does not permit the taking of the property specifically bequeathed, it is not apparent that the appellant is aggrieved. The appellant, as one of the residuary legatees, however, was entitled to have the court in granting the allowance exercise a sound judicial discretion within the limits authorized by the statute, and not upon any sentimental appeal due to the fact that certain of articles requested, viz.: the household goods, had been a part of the "environment" in which a happy married life had been spent and to the not unreasonable wish on the part of the petitioner to have certain articles of clothing and jewelry formerly belonging to the testatrix, which it now appears had been specifically bequeathed to other parties.

If there was any evidence on which the court below could have found that an allowance in this case was "necessary" in view of petitioner's own "degree and estate" and that of the testatrix, we should consider a finding on this point as binding on this court and

overrule the exceptions, since the degree of necessity on which to base an allowance is wholly within the discretion of the court below, but we find no such evidence, nor, indeed, any such finding by the Supreme Court of Probate. Having based its decree, without any need being shown, upon entirely irrelevant considerations, we think error was committed by the Supreme Court of Probate, and the mandate must be

*Exceptions sustained.*