ALURA PERKINS ET AL.,

APPELLANTS

FROM DECREE OF JUDGE OF PROBATE.

Kennebec.    Opinion, November 18, 1944.

*McLean, Southard & Hunt,* for the appellants.

*Knight & Lamb,* for the appellee.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-
CHIE, CHAPMAN, JJ.

MURCHIE, J. The appellants herein, after a decree of a
Judge of Probate granting the appellee a widow's allowance
of $2,000 was affirmed on appeal, bring the case to this
Court on six exceptions. Three of these assert that the cause
was prejudiced at the hearing on the appeal by the erroneous
admission of testimony concerning (1) financial aid rendered
by the decedent to his brother (2) the fact that decedent's
mother lived with him and the appellee during several years
immediately preceding his death, and (3) contributions made
by the appellee to the payment of insurance policies on the
life of decedent under a policy payable to his mother. The
others allege that there was no sufficient evidence in the case
to warrant judicial finding (4) that an allowance to the
widow was necessary, or (5) that her necessities justified
the exercise of any judicial discretion in her behalf under
R. S., 1930, Chap. 78, Sec. 14, and (6) that the award was
excessive as a matter of law.

The proceedings relate to the Estate of Nathan Elden
Perkins who died December 2, 1942 leaving a widow and
parents, but no issue, and property appraised in probate
proceedings as representing $1,800 in real estate and
$6,196.51 in personalty. The widow, when the parties were
married on September 3, 1933, was, and continued to be,
gainfully employed. At the time of the death of her hus-

band she had slightly less than $900 on deposit in savings accounts in her own name and was the owner of defense bonds, as they are called in the testimony, representing a maturity value of either $100 or $125, the cost of which would have been 75% of the proper figure. The death of the husband made her the surviving owner of $500 maturity value additional in a bond of the same variety, which the husband had paid for and caused to be issued in their joint names. The record discloses that the husband and wife lived together in apparent contentment during the entire term of their married life; that they had handled their earnings during the period separately; that the wife had paid generally for the groceries used and the electric energy consumed in the family home; that she had bought and paid for the furniture contained in it; and had contributed to the expense of improvements. It shows also that both the husband and the wife had accumulated separate savings and that the husband had the larger amount in his own name although his earnings in the over-all period had been substantially less than those of the wife. Evidence is ample that following the death of the husband the appellee enjoyed earnings considerably greater than currently received during the period of her married life and that these ran to an average of almost $35 per week during the year 1943 and to more than that figure in the first 3 months of 1944.

The "Appeal and Reasons for Appeal" by which the case was carried to the Supreme Court of Probate alleged that appellee's earnings after she became a widow, having regard to her separate property and the distributive share to which she was entitled in her husband's estate, assured her an income more than ample to provide for all her needs and that the award of any allowance under the statute was without support in evidence and operated to substitute judicial discretion for the laws of descent contrary to the spirit and meaning thereof. The exceptions are based on a construc-

tion of the statute consistent with the allegations of the appeal and the argument presented on the questions of evidence is that the testimony involved was not material to the issue but designed to assert a claim for allowance based on counterbalancing benefits granted to relatives of the decedent. The principal reliance on the assertion that judicial discretion was abused or exceeded is language contained in the decision of *Hilt* v. *Ward*, 128 Me., 191, 146 A., 439, where the Court said:

> "The necessities of the petitioner are expressly made by the statute the underlying basis on which judicial discretion when exercised must rest for its authority."

To give consideration to the exceptions in the order in which they are stated it seems to this Court that there is no foundation for the claim that the evidence admitted over objection was prejudical to the appellants. The outstanding features of the statute are found in the provisions which vest a double judicial discretion in the judge of probate, first, to grant or not to grant an allowance in any amount, and second, if in his discretion he determines to grant one, to measure the amount thereof according to his own judgment of what is necessary "according to the degree and estate" of the husband. *Kersey* v. *Bailey*, 52 Me., 198; *Gilman* v. *Gilman*, 53 Me., 184; *Dunn* v. *Kelley et al.*, 69 Me., 145; *Walker, Appellant*, 83 Me., 17, 21 A., 176; *Hussey* v. *Titcomb*, 127 Me., 423, 144 A., 218; *Hilt* v. *Ward*, supra. The discretion is subject to review on appeal, *Cooper, Petitioner*, 19 Me., 260; *Kersey* v. *Bailey*, supra; *Hussey* v. *Titcomb*, supra, and any appeal presents the cause for hearing *de novo* in the Supreme Court of Probate, where the allowance made may be either increased or diminished, as in this Court, *Gilman* v. *Gilman*, supra; *Walker, Appellant*, supra. Decision here may deny

an allowance entirely notwithstanding one was granted by the judge of probate, and on appeal. *Hilt* v. *Ward*, supra.

A court exercising such discretion must be justified in permitting the evidence adduced before it to cover a wide range. It has heretofore been declared not only that all the circumstances of each particular case should be considered, *Kersey* v. *Bailey*, supra; *Gilman* v. *Gilman*, supra, but, expressly, that it is important whether the wife has contributed to the acquisition of the estate, *Brown et al.* v. *Hodgdon*, 31 Me., 65. The estate here under consideration is larger than would otherwise have been the case as a result of the wife's contributions to household expenses, home improvements and insurance premiums, and smaller by reason of financial help given to the husband's relatives and providing a home for the husband's mother.

The claim is asserted on behalf of the appellants that the statute is intended only to make provision for needs that are temporary and immediate or such as are presently foreseeable and this was the theory of construction which controlled early decisions under it, *Brown* v. *Hodgdon*, supra; *Tarbox* v. *Fisher*, 50 Me., 236, where it was asserted in substance that the statutory purpose was to provide support until the wife could realize upon her dower. Later cases however have made it clear that an allowance is available to provide means for a widow additional to what she would receive as her distributive share, *Gilman* v. *Gilman*, supra; *Walker, Appellant*, supra; and should be liberally construed. *Smith et al.* v. *Howard*, 86 Me., 203, 29 A., 1008.

It has been declared with some frequency in this Court that each case involving an allowance under our statute should be determined upon its own particular facts, *Brown* v. *Hodgdon*, supra; *Kersey* v. *Bailey*, supra; *Gilman* v. *Gilman*, supra; *Walker, Appellant*, supra. In all these cases emphasis was laid on the discretionary nature of the authority conferred and the Court went so far in *Dunn* v. *Kelley*, supra,

where an allowance made in the Supreme Court of Probate which considerably increased that granted to a widow in the Probate Court on her appeal alleging its inadequacy, as to say that the amount of an allowance was the subject matter of a discretion which was not subject to review on exceptions. In *Hilt* v. *Ward*, supra, on which the appellants so strongly rely, it was noted that this Court would have hesitated to interfere with the allowance granted in the court of probate had it been affirmed merely in the Supreme Court of Probate when the appeal was dismissed. We have no doubt under the circumstances disclosed by the record that the judge of probate was authorized within the discretion conferred upon him by statute to order an allowance for the present appellee in such sum as he deemed necessary according to the degree and estate of her husband. The amount of that allowance was affirmed on appeal in the Supreme Court of Probate and nothing has been presented in the exceptions or argument which would justify decision that the judicial discretion doubly exercised was either abused or exceeded.

*Exceptions overruled.*