ESTATE OF MARGARET R. GALE, HENRY M. CHANNING, EXECUTOR, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71642. Filed October 31, 1960.

*Owen Tudor, Esq.*, for the petitioner.
*Albert R. Doyle, Esq.*, for the respondent.

OPINION.

WITHEY, *Judge*: Respondent has determined a deficiency in estate tax against petitioner in the amount of $1,106.02.

The only issue is whether under the law of Maine a widower's allowance is deductible as a marital deduction under section 2056(a) and (b) of the Internal Revenue Code of 1954.

All of the facts have been stipulated and are so found.

Margaret R. Gale, hereinafter sometimes referred to as the decedent, died May 29, 1955, a resident of Calais, Washington County, Maine.

Decedent's will was admitted to probate and Henry M. Channing was appointed executor by the Probate Court of Washington County on July 15, 1955.

Decedent left surviving her a husband, George W. Gale, who is still surviving, but no children.

Decedent left an estate amounting to over $300,000 after payment of all debts and administration expenses other than estate and inheritance taxes.

Under the terms of the decedent's will, it was provided that, after certain specific bequests and devises, three-quarters of the residue of the estate should pass into a trust in favor of her husband, George W. Gale, should he survive her.

The trustees were directed to pay the net income of the trust to George W. Gale during his lifetime.

The will further provided that, should George W. Gale predecease the decedent or upon his death after the decedent, the remaining principal of the trust should be paid to the named individuals to whom the remainder of the residue of the estate was given.

The remaining one-quarter of the residue of the decedent's estate was distributable in equal shares to the decedent's two sisters.

Subsequent to the death of the decedent, George W. Gale, her husband, petitioned the Probate Court of Washington County, Maine, for a widower's allowance under the provisions of the Revised Statutes of Maine, ch. 156.

Pertinent Maine statutes are as follows:

Sec. 14. *Allowance to widows from personal estate.*—In the settlement of any intestate estate, or of any testate estate which is insolvent or in which no provision is made for the widow in the will of her husband, or when she duly waives the provision made, the judge may allow the widow so much of the personal estate, besides her ornaments and wearing apparel, as he deems necessary, according to the degree and estate of her husband and the state of the family under her care; he may also allow her any 1 pew in a meeting house, of which the deceased died seized; and such allowance, when recorded, vests the title in her; and when an estate which, at the time of said allowance, was considered insolvent, ultimately appears to be solvent, the judge by a subsequent decree may make the widow a further reasonable allowance. When, after an allowance has been made from any estate, additional personal property belonging to said estate comes to the knowledge of the judge, he may make a further allowance to her therefrom.

\*　　\*　　\*　　\*　　\*　　\*　　\*

Sec. 16. *Temporary allowances during litigation.*—In the settlement of any testate estate, where no provision is made for the widow in the will of her husband or she duly waives the provision made, the judge shall make her suitable allowances from the personal estate, from time to time, for the support of herself and family under her care, during any litigation concerning the will; and on final probate of the will he shall make her a final reasonable allowance from the personal estate, according to the degree and estate of her husband and the state of the family under her care.

Sec. 17. *Widows support.*—A widow shall have her reasonable sustenance out of the estate of her husband for 90 days after his death, and may remain in the house of her husband during said 90 days without being chargeable with rent therefor.

\* \* \* \* \* \* \*

Sec. 19. *Allowance to husband from wife's estate.*—Upon the death of a wife whose estate is solvent, the judge may make an allowance to her husband from her personal estate in the same manner as to a widow from the estate of her husband.

By a decree dated June 5, 1956, the Probate Court of Washington County, Maine, pursuant to the provisions of Maine law directed the executor of the decedent's estate to pay George W. Gale, widower of the deceased, personal estate of the deceased in the amount of $3,000, and that amount was paid to George W. Gale as directed.

The executor of the estate of Margaret R. Gale timely filed an estate tax return (Form 706) with the district director of internal revenue at Augusta, Maine. On the return, petitioner claimed as part of the "marital deduction" the amount of $3,000 paid to decedent's widower pursuant to the order of the Probate Court.

The amount awarded decedent's husband by decree of the Probate Court of Washington County, Maine, and paid to him in accordance therewith was not recoverable from him or his estate by decedent's estate in whole or in part in the event of his subsequent remarriage or death.

Petitioner contends that in computing the estate tax upon decedent's estate there should be allowed as a deduction the amount of an allowance to her surviving spouse in the nature of a widow's allowance made in pursuance of an order or decree of the Probate Court of Washington County, State of Maine, June 5, 1956, and that such a deduction is permitted by section 2056(a) of the 1954 Code.[1]

Respondent takes the position that the allowance, under the applicable law of Maine, constitutes a terminable interest ·which is non-

---

[1] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

deductible under the express provisions of subsection (b) (1) of the cited section of the 1954 Code.[2]

Although on brief petitioner urges that the congressional history of section 2056 (a) precludes the application of the terminable interest rule to allowances in the nature of widows' allowances, we approach decision herein on the premise that it does so apply on the authority of *Estate of Proctor D. Rensenhouse*, 31 T.C. 818. If the allowance, once made, would fail under State law upon the happening or failure to happen of an event or contingency, it constitutes a terminable interest and is nondeductible. If the reverse is true, it is deductible.

Under the Revised Statutes of Maine, ch. 156, secs. 14, 16, 17, and 19, set forth above, whether the surviving spouse is the husband or wife, his right to support during the pendency of administration of an estate is equal and the same. The parties raise no issue on that point here.

In his notice of deficiency respondent determined that the marital deduction here in controversy—

was not an interest in property passing from the decedent to her surviving spouse within the meaning of Section 2056 (e) of the Internal Revenue Code of 1954. * * *

He there further determined that the deduction was unallowable because the widower's allowance constituted a terminable interest within the meaning of section 2056 (b). As he did on the appeal of *Estate of Proctor D. Rensenhouse*, 27 T.C. 107, he has here abandoned the first position taken in his deficiency notice, stating in his brief that—

Respondent no longer contends that the $3,000 widower's allowance is not deductible for the reason that it was not "an interest in property passing from the decedent" under section 2056 (e) of the Code. * * *

See *Rensenhouse v. Commissioner*, 252 F. 2d 566 (C.A. 6), remanding to the Tax Court for determination of the terminable interest rule issue. Because of respondent's stated position regarding the issue so abandoned, we base our decision herein solely upon the applicability of the terminable interest rule. In doing so, however, we are not to be understood to imply that *Estate of Proctor D. Rensenhouse*, 27 T.C. 107, was wrongly decided.

The quoted provisions of Maine statutes establish four categories of widows' (widowers') allowances. Section 14 provides generally for an allowance to the widow from the personal estate of her deceased

---

[2] SEC. 2056. (b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest--

spouse, whether intestate or testate where the estate is insolvent or the will makes no provision for the widow, in such amounts payable at such times as to the probate judge appears necessary for her support and the support of the family under her care. Section 16 provides support for the widow and family from personal property of the estate specifically in the circumstance where the estate is testate, but no provision is made for the widow in the will and where a period of time must elapse before a distribution of the estate may occur because of litigation concerning the will. It further appears to provide for periodic payments of such allowance. Section 17 provides for the reasonable support of a widow from the whole testate or intestate estate of her husband for a fixed period of 90 days. Section 19 provides an allowance for a widower only in the event his deceased wife's estate is solvent and then only from personal property, but otherwise "in the same manner as to a widow from the estate of her husband." There is no doubt the estate here involved was solvent and that the allowance made and paid to the surviving spouse was from personalty. Because section 14 applies only to insolvent estates and because section 16 provides an allowance only in case of estate litigation, an allowance to the surviving spouse could not be made under either section. It follows that the allowance here in controversy was made under a combination of sections 17 and 19.

Such State laws are founded upon the basic policy that a husband's wife and children are entitled to his support and that persons bearing certain relationships to each other are liable to furnish necessary support in case of the need for necessary support of one of them. *Appeal of Hilt*, 128 Me. 191, 146 Atl. 439; *Smith* v. *Howard*, 86 Me. 203, 29 Atl. 1008. Their *right* to such support is vested upon the creation of such relationships. The necessity in nearly all States that such vested rights may be exercised only by application to the court having jurisdiction of the probate of an estate does not prevent the vesting of such rights nor does the failure to make such application bring such rights within the terminable interest rule. *Estate of Proctor D. Rensenhouse*, 31 T.C. 818. Present the necessary relationship of the applicant to the decedent, the only issue before the Probate Court raised by the application made by this decedent's spouse was the amount of such allowance. The amount thereof under the quoted Maine statutes is governed largely by the size and nature of the assets of decedent's estate, the mode of life of decedent and her husband prior to decedent's death, and the needs of the surviving spouse. The State court has considered these criteria and rendered its decision. No other provision of State law which has been pointed to or which research has disclosed would specifically render the amount actually paid in a lump sum to the surviving spouse recoverable by the estate in case of his death or remarriage.

No Maine court has decided the exact point at issue here, but a strong inference may be drawn from such cases as exist where widows' allowances have been attacked on other grounds. In *Tarbox* v. *Fisher*, 50 Me. 236, where an allowance had been made to a surviving spouse who died pending an appeal from the decree of allowance, the appellate court in holding that the right to the allowance had lapsed stated:

The right to it cannot vest until a final decree is made. The decree in the case at bar having been vacated or suspended by the appeal, the right of the widow could not become absolute until it should be affirmed by the appellate Court. * * *

The corollary seems clear that upon the entry of a final decree of allowance, the widow's (widower's in this case) right thereto would become absolutely vested and indefeasible, particularly after payment.

In *Hussey* v. *Titcomb*, 127 Me. 423, 144 Atl. 218, where secured creditors of the widow sought to levy upon her right to a widow's allowance prior to any decree authorizing the same, the court stated:

Prior to the decree of the judge of probate granting the widow's allowance, it was not subject to trustee process. * * *

Because, in Maine, such process will not reach contingent interests in property, Me. Rev. Stat. Ann., ch. 114, sec. 55 IV, we conclude from the court's statement that once the Probate Court's decree has been entered and becomes final, the widow's right to the allowance is no longer contingent and is vested absolutely.

It seems clear that, such allowances being intended to defray the current living expenses of the surviving spouse, it is legislatively presupposed that they will be entirely used for the purpose or to reimburse the surviving spouse for amounts so spent in his own behalf. This accounts we think for the absence of any Maine statute specifically providing for the recovery of unexpended portions of the allowance upon the death or remarriage of the surviving spouse. Provisions of the State law providing for the cessation of support payments upon the happening of those contingencies we think merely relate to such allowances under section 16, *supra*, which authorize the payments to be made periodically over the time required for estate administration. We have before us a single lump-sum payment to which the latter provisions have no application. It follows, therefore, that should the surviving spouse have died after a final decree of allowance had been entered and before payment thereof, his vested right thereto would have become an asset of his estate in the amount of the allowance and taxable as such. It also follows we think that no part of the lump-sum payment could have been recovered by the estate upon his remarriage.

The allowance here at issue, providing as it does for a single payment, representing the current cost of support of the surviving

spouse, and not recoverable by the estate upon the happening or failure to happen of any event or contingency, we hold does not constitute a terminable interest and is deductible from the gross estate. We therefore sustain the petitioner.

Because of uncontested adjustments to the estate tax of petitioner—

*Decision will be entered under Rule 50.*