## NORFOLK COUNTY.

### SULIA PETTEE *vs.* ELVIRA P. WILMARTH.

A judge of probate has no authority to revoke a decree passed by himself, making an allowance to a widow out of her husband's estate, and to pass a new decree allowing to her a less sum.

METCALF, J. On the 1st of December 1860, the judge of probate decreed an allowance of three hundred dollars to this appellant — the widow of Benjamin Pettee — and that decree was duly recorded. Two or three weeks afterwards, the administrator of said Pettee's estate, instead of appealing from that decree, made an application to the judge for a revision of it, and a reduction of the amount of that allowance. This application was dismissed — and rightly. Upon a second application, made by one of the heirs of said Pettee, six months after the decree was made, that decree was revoked, and a new decree passed, which allowed the appellant only fifty dollars. From that decree this appeal is taken by the widow. And the court are of opinion that the judge of probate had no authority to revoke his former decree and pass another. This last decree is therefore to be reversed. It is no objection to a reversal, that the decree was unauthorized and void. It is better that it should at once be reversed, than that it should hereafter be adjudged to be void, in some future proceeding in the settlement of the deceased's estate. *Commonwealth* v. *O'Neil,* 6 Gray, 343, 346. *Sturges* v. *Peck,* 12 Conn. 141, 142. When it was passed,

the appellant had, of record, a vested right to the allowance first decreed to her. And though the judge had authority, on good cause being shown, to decree to her an additional allowance, (*Hale* v. *Hale*, 1 Gray, 518,) we know of no authority which he had to rescind the decree that he had already made. If he could rescind his first decree, he might rescind the second, and so on indefinitely; and there could be no certainty that any decree had finally established any party's rights, but every person, in whose favor a decree had been obtained, would hold it precariously at the discretion of the judge who passed it.

There are cases in which our statutes have made provision that a judge of probate may revoke his decrees. By Gen. Sts. *c.* 98, § 12, "when an account is settled in the absence of any person adversely interested, and without notice to him, the account may be opened, on his application at any time within six months thereafter; and upon the settlement of any account by an executor or administrator, all his former accounts may be so far opened as to correct any mistake or error therein; except that any matter in dispute between two parties, which had been previously heard and determined by the court, shall not be again brought in question by either of the same parties, without leave of the court." And by *c.* 117, § 24, "any warrant or commission for the appraisement of an estate, for examining the claims on insolvent estates, for the partition of real estate, or for the assignment of dower or other interests in real estate, may be revoked by the judge for sufficient cause; and he may thereupon issue a new commission, or proceed otherwise, as the circumstances of the case shall require." Except in these cases, or others, if there are any, specially provided for by statute, a decree of a judge of probate is to stand, unless it is reversed or reformed on appeal to this court, or is adjudged to be void in some collateral proceeding.

When a judge of probate, on hearing an application for a decree, refuses to pass it, for want of sufficient evidence that it ought to be passed, such refusal does not prevent him from passing it on a new application supported by the requisite evidence of its necessity or expediency. *Bucknam* v. *Phelps*, 6

Mass. 448. But when authority to act is conferred by law there is a manifest difference in the legal effect of an act done under that authority and a single or repeated refusal to act under it. In the former case, the authority is exhausted by the exercise of it; in the latter, it is retained for future exercise.

*Decree reversed.*

*W. S. Leland,* for the appellant.
*W. Colburn,* for the appellee.