### DAVID DREW *vs.* TIMOTHY GORDON.

A decree of the judge of probate, allowing to a widow personal estate of her deceased husband to a certain amount, as necessaries, if not appealed from, establishes conclusively her right to select such items from the inventory as she may prefer, to that amount, and to demand the same from the executor; and such right, if exercised by her in her lifetime, survives to her legal representatives; but if not so exercised, it does not survive.

A widow's claim for an allowance may, after a demand and refusal, be enforced by an action brought by her against the executor.

CONTRACT brought by the administrator of a widow's estate against the executor of her husband's will, to recover the amount of an allowance to her out of her husband's estate. The following facts were agreed in the superior court:

The judge of probate made a decree, allowing to her as necessaries for herself and family under her care, " personal estate of said deceased to the amount of two hundred and fifty dollars." The defendant knew of this decree within thirty days and did not appeal. The defendant's testator left real estate appraised at $2650; and personal estate to the amount of

$142.87, besides gas stock which was appraised at $250, but was of little market value, and household furniture, which was bequeathed to his widow during life, and then to his brothers and sisters. The widow did not demand her allowance of the defendant, but he called upon her and asked her if she needed any part of the allowance ; to which she replied that she did not until she had the whole. The defendant thereupon said to her that he had nothing to get her allowance out of but the personal property, and offered to her to take of the furniture at the appraisement, in discharge of the allowance, which she declined to do.

The parties agreed that if the widow's claim for an allowance did not survive, the plaintiff should become nonsuit; that if it survived, and the defendant was bound, in case of the insufficiency of the personal estate, to sell real estate, or to sell the furniture during her lifetime, or to sell it now, to pay the allowance, then judgment should be rendered for the plaintiff; but if the defendant was not so bound, then judgment should be rendered for the plaintiff for the amount of personal estate (besides the furniture) that came to the defendant's hands, such amount to be determined by an arbitrator.

*C. G. Davis*, for the plaintiff, cited *Williams* v. *Williams*, 5 Gray, 24 ; *Hale* v. *Hale*, 1 Gray, 518 ; *Adams* v. *Adams*, 10 Met. 170 ; *Washburn* v. *Washburn*, 10 Pick. 374 ; *Washburn* v. *Hale*, Ib. 431 ; *Brazer* v. *Dean*, 15 Mass. 184 ; *Storer* v. *Storer*, 6 Mass. 390.

*E. Ames*, for the defendant.

HOAR, J. The question presented for decision on this statement of facts is, whether, if a decree has been made in the court of probate for an allowance to a widow under Gen. Sts. *c.* 96, § 5, from which no appeal is taken, and she has died before receiving it, the right to it will survive as a right of property to her administrator. The section of the statute is as follows : " Such parts of the personal estate of a person deceased as the probate court, having regard to all the circumstances of the case, may allow as necessaries to his widow, for herself and family under her care, or, if there is no widow, to his minor

children, not exceeding fifty dollars to any child; and also such provisions and other articles as are necessary for the reasonable sustenance of his family, and the use of his house and furniture therein, for forty days after his death, shall not be taken as assets for the payment of debts, legacies or charges of administration." It is a substantial reënactment of *St.* 1838, *c.* 145, and *St.* 1842, *c.* 15. The object of the provision was stated by this court, in *Adams* v. *Adams*, 10 Met. 170, to be " for the present relief of the widow, for the maintenance of herself and her children ; that it is temporary in its nature and personal in its character, and confers no absolute or contingent right of property which can survive her, or go to her personal representative." " As a small, temporary, personal allowance to a widow left in distress by the decease of her husband, out of articles of little value, most useful to her, but which would do very little towards increasing the fund for creditors, till some arrangement can be made, it is an equitable provision." In that case it was held that the death of the widow, while an appeal from the decree making the allowance was pending, put an end to the claim.

In the case now before us there was no appeal from the decree, and it had therefore become absolute and conclusive. To some extent this varied the rights of the widow ; but the object of the allowance remained the same. It was within the discretion of the court of probate, in making the allowance, either to allow her certain specified articles, or articles to be selected by her from the inventory to a designated amount. Under some circumstances, an order for the payment of a certain sum in money might probably be sustained. But here the allowance was of " personal estate of said deceased to the amount of two nundred and fifty dollars as necessaries for herself and family under her care." This authorized her to select from the inventory such items as she might prefer to that amount, and entitled her to demand and receive them from the executor, if the personal estate was sufficient therefor. The decree established conclusively her right to make the selection and demand. But until these were made it gave her no right of property in any part of the estate, and no right of action to recover any sum of

money. If she did not exercise the privilege, it was strictly personal, and could not be used by her personal representative after her death.

Among the facts agreed it is stated that she did not demand her allowance of the defendant; and upon the case as it stands he is therefore entitled to judgment in his favor. But it is suggested that this statement was made through inadvertence and mistake. We think, therefore, that the plaintiff should be allowed to prove, if he can, that a demand was made by the widow in her lifetime; that if that fact be found in the superior court, judgment should thereupon be entered for the plaintiff, for a sum to be ascertained by an arbitrator according to the agreement of the parties; the fact thus found being substituted for the fact agreed; otherwise judgment to be entered for the defendant.

The demand, and refusal or neglect of the administrator to comply with it, would give a cause of action which might be enforced in this suit. *Storer* v. *Storer*, 6 Mass. 390.