ALICE M. PATTERSON *vs.* JOSEPH FINE, special
administrator.

Middlesex.    May 15, 1934. — June 28, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Allowance to minor child.

Where a decedent died leaving no widow and one child, a minor, the Probate Court had no authority under G. L. (Ter. Ed.) c. 196, § 2, to allow to the child from the estate of the decedent, in addition to an allowance for necessaries in the sum of $100, "estate of the deceased to the amount of $4,000 . . . as such provisions and other articles as are necessary for . . . [his] reasonable sustenance, in addition to the articles by law belonging to" him.

PETITION, filed in the Probate Court for the county of Middlesex on August 17, 1933, for allowances from the estate of George Lawson Patterson, late of Marlborough, to the petitioner as a minor child of the decedent.

A decree, entered by order of *Monahan,* J., on August 17, 1933, making certain allowances to the petitioner, is described in the opinion. On September 11, 1933, a decree was entered directing the special administrator to pay such allowances to the guardian of the petitioner; and on October 25, 1933, a decree was entered dismissing a petition to vacate the decree of August 17, 1933. Certain parties filed claims of appeal from the decrees of September 11, 1933, and October 25, 1933. In January, 1934, this court authorized the late entry of appeals from the decree of August 17, 1933, and such appeals were thereafter entered by Marlborough Hospital and Lincoln Academy, residuary legatees under the decedent's will, it having been stipulated that if such late entries were authorized the appeals from the decrees of September 11, 1933, and October 25, 1933, should be discontinued.

*W. Temple,* (*R. S. Temple* with him,) for the respondent.
*Henry F. Butler,* for the petitioner.

PIERCE, J.  The case comes before this court on the appeals of two of four residuary legatees named in a purported will of George Lawson Patterson, late of Marlborough in the county of Middlesex.

George Lawson Patterson died a resident of Marlborough on October 1, 1932, leaving no widow and, as his only heir at law, Alice M. Patterson, a minor, his adopted daughter. An instrument dated August 18, 1932, was presented for probate as his last will and testament.  Succinctly stated, the instrument purported to devise and bequeath the property of the decedent in the manner which follows: (1) Under articles first, second and third, pecuniary legacies aggregating $1,600; (2) under article fourth, life estate to Alice M. Patterson in real estate situated on Berlin Road, Marlborough, with remainder over; (3) under article fifth, real estate on Brigham Street, Hudson, Massachusetts, to a corporation to be formed for religious purposes; (4) under article sixth, family books and heirlooms to Alice M. Patterson; (5) under article seventh, library books to Lincoln Academy; (6) under article eighth, nomination of executor; and (7) under article ninth, residue equally — one fourth to Lincoln Academy in trust; one fourth to Union Rescue Mission in trust; one fourth to Marlborough Hospital in trust; and one fourth to East Livermore Camp Meeting Association in trust.

The adopted daughter through her guardian contested the probate of the will, and to this end filed a motion for the framing of issues to be tried to a jury.  On this motion the probate judge allowed an issue as to the fraud or undue influence of named persons in procuring the making of the will.  On appeal, this court amended the decree framing the issue of undue influence by striking out the names of certain persons, and as amended affirmed the decree.  *Smith* v. *Patterson*, 286 Mass. 356.

On the filing of objections to the probate of the instrument offered as the will of George Lawson Patterson, a special administrator was appointed by the Probate Court. The special administrator filed an inventory.  The estate

according to this inventory amounts to $51,698.17 personal estate and $3,775 real estate.

On August 17, 1933, Alice M. Patterson, by her guardian, petitioned the Probate Court for allowances from the estate of the deceased. On this petition the Probate Court entered a decree which reads: "It appearing that said Alice M. Patterson is the minor adopted daughter, and entitled to allowances as aforesaid, estate of the deceased to the amount of $100 is hereby allowed her as necessaries for her, and also estate of the deceased to the amount of $4,000 is hereby allowed to her as such provisions and other articles as are necessary for her reasonable sustenance, in addition to the articles by law belonging to her." No appearances having been entered in respect to the motion and decree, and no appeal having been claimed within the time by law allowed (the appeal from the decree was in fact allowed by this court to be entered late), Alice M. Patterson, by her guardian, requested payment of the $4,100, and the special administrator refused to pay to her or to her guardian the sums decreed to be paid or any part thereof. Thereupon she petitioned the Probate Court to order the special administrator forthwith to pay Henry F. Butler, her guardian, for her the sum of $4,100. The Probate Court, on said petition, decreed on September 11, 1933, as follows: "It appearing that said Alice M. Patterson is entitled to said allowances as decreed and that the special administrator has assets of the estate sufficient to pay said allowances but has not paid them nor any part thereof, the special administrator is hereby authorized and ordered to pay to Henry F. Butler, guardian of Alice M. Patterson, the sum of $4,100 as decreed; and the special administrator is hereby authorized, if necessary, to sell personal property comprising assets of said estate sufficient to make said payment." There is no transcript of the evidence and no report of material facts.

The appellants do not question the authority of the Probate Court under G. L. (Ter. Ed.) c. 196, § 2, to make the allowance of $100, but submit that the court had no authority to allow "also estate of the deceased to the amount of

$4,000 . . . as such provisions and other articles as are necessary for her reasonable sustenance." The question for decision by this court as posited by the appellee is, Has the Probate Court authority to allow a minor child, when there is no widow, any estate of the deceased father for sustenance in addition to a $100 allowance for necessaries?

G. L. (Ter. Ed.) c. 196, § 2, reads as follows: "Such parts of the personal property of a deceased person as the probate court, having regard to all the circumstances of the case, may allow as necessaries to his widow for herself and for his family under her care or, if there is no widow, to his minor children, not exceeding one hundred dollars to any child, and also such provisions and other articles as are necessary for the reasonable sustenance of his family, and the use of his house and of the furniture therein for six months next succeeding his death, shall not be taken as assets for the payment of debts, legacies or charges of administration." That part of the statute which reads: "such provisions and other articles as are necessary for the reasonable sustenance of his family," first appeared in Rev. Sts. c. 65, § 4, in this language: "Such provisions and other articles, as shall be necessary for the reasonable sustenance of the widow, if any, and also of the family of the deceased, for forty days after his death; together with such further necessaries, as the judge shall order to be allowed to the widow, for the use of herself and the minor children, if any, under her care." The phrase, "Such provisions and other articles, as shall be [in the present revision, 'are'] necessary for the reasonable sustenance of the widow, if any, and also of the family of the deceased [in the present revision, 'of his family'],'' has been changed since the enactment of Rev. Sts. c. 65, § 4. Mr. Justice Knowlton, interpreting Pub. Sts. c. 135, § 2, in the case of *Dale* v. *Hanover National Bank*, 155 Mass. 141, 143, referred to Rev. Sts. c. 65, §§ 4, 6, quoting the note of the commissioners which reads: "This allowance for necessaries is not intended to compensate the widow for any apparent injustice to which she may in any case be exposed by the statute rules of distribution, or by the will of her husband; but merely to furnish her with a reasonable mainte-

nance for a few weeks, and with some articles of necessary furniture, when she is not otherwise provided with them. This being the ground on which the allowance is made, it is evident that it ought to be made in all cases, and without regard to the claims of creditors or kindred; it being understood at the same time that it should always be of small amount, so as not to be sensibly felt by any others who are interested in the disposition and distribution of the estate." And at page 144 of the opinion it is said: "The purpose of an allowance is to provide for the necessities of the widow and minor children for a short time, until they have an opportunity to adjust themselves to their new situation. The intention of the Legislature appears in the provision that an allowance to a minor child, of whatever age, and however necessitous, can never exceed fifty [now one hundred] dollars." St. 1838, c. 145, is in harmony with Rev. Sts. (1835) c. 65, § 4, as interpreted by the Commissioners. St. 1842, c. 15, amended the second section of St. 1838, c. 145, "so as to empower judges of probate to make an allowance to the minor child or children of any deceased person, in cases where there is no widow: *provided*, that no allowance to any child shall exceed fifty dollars [now by St. 1899, c. 479, § 6, one hundred dollars]."

We think the statement of the court "that an allowance to a minor child, of whatever age, and however necessitous, can never exceed fifty dollars" was a correct interpretation of Pub. Sts. c. 135, § 2, and that no statute since Pub. Sts. c. 135, § 2, shows a legislative intention inconsistent with the quoted interpretation of the statute. It follows that the Probate Court had no authority to allow to Alice M. Patterson, minor child of the deceased, George Lawson Patterson, "estate of the deceased to the amount of $4,000 . . . as such provisions and other articles as are necessary for her reasonable sustenance, in addition to the articles by law belonging to her." The decree of the Probate Court is reversed. Decree is to be entered in accordance with the stipulation.

*Decree accordingly.*