KING *v.* KING *et al.*

No. 16225.  JUNE 18, 1948.

*William Butt*, for plaintiff.

*Sam J. Welsch*, for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The tract of land here involved having been set aside to the widow and three minor children as a year's support, and the widow seeking an order to sell for the purpose of maintenance and support, the first question for determination is the nature of the title thereto and the widow's right and conditions necessary to a sale thereof.

When this year's support was set aside to the widow and three minor children jointly, under the Code, § 113-1002, the title thereto vested in them for their joint support and maintenance, and the other children had no interest therein. Code, § 113-1006; *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494 (3) (37 S. E. 767). When the minor children married or attained their majority, the right of a support and maintenance from the property set aside as a year's support belonged to the widow alone as long as the property lasted or as long as she lived, and she was entitled to its use and control. *Miller* v. *Miller*, 105 *Ga.* 305 (3) (31 S. E. 186). She could sell the property for her maintenance and support. *Whitt* v. *Ketchum*, 84 *Ga.* 128 (10 S. E. 503). The children who have attained their majority have no right to partici-

pate in its consumption or its control. . *Moore* v. *Pittman*, 185 *Ga.* 619, 621 (1c) (196 S. E. 50). "The widow, as the head of the family (Code, §§ 49-102, 74-106; *Fletcher* v. *Booth*, 143 *Ga.* 644, 85 S. E. 836), is vested with the exclusive right to manage and control the property for the joint benefit of herself and minor children, and, after the marriage or majority of the children, for the benefit of herself alone for life, including the power to sell (since the act of 1937, p. 861, upon approval of the ordinary) the entire interest in the property for such purpose." *Walden* v. *Walden*, 191 *Ga.* 182, 184 (2) (12 S. E. 2d, 345) ; *Planters Cotton Oil Co.* v. *McCurley*, 199 *Ga.* 104 (2) (33 S. E. 2d, 270).

In the instant case, the minors, for whom, along with the widow, the year's support was set aside, have attained their majority, and no question is here determined as to their right to any portion of the year's support which may be left at the death of the widow.

■ It is insisted, however, by the objectors that, even though the judgment of the court of ordinary set aside the entire estate to the widow and three minor children, the title thereto was subsequently changed in 1927 by the decree of the Tennessee court. In support of this contention the objectors rely upon the full faith and credit provision of the United States Constitution (Code, § 1-401) and the law of this State as codified in the Code, § 38-627, each of which provides that the judicial proceedings of other States shall be given full faith and credit in this State.

Insofar as the Tennessee decree sought to adjudicate the title to lands in Fannin County, Georgia, it showed upon its face it was not within the jurisdiction of that court. Article 6, section 14, paragraph 2, of the Constitution of 1945 (Code, Ann. Supp., § 2-4902) provides: "Cases respecting titles to land shall be tried in the county where the land lies." Law governing the title and disposition of land is exclusively subject to the laws of the State where it is situated. *Chidsey* v. *Brooks*, 130 *Ga.* 218 (2) . 220 (60 S. E. 529, 14 Ann. Cas. 975), and citations. Such a rule is essential to the sovereignty of the State over the land within its borders. Where a court has no jurisdiction of the subject-matter of a suit, the parties can not waive it. *Epps* v. *Buckmaster*, 104 *Ga.* 698 (2) (30 S. E. 959) ; *Smith* v. *Ferrario*, 105 *Ga.* 51, 55 (31 S. E. 38) ; *Cutts* v. *Scandrett*, 108 *Ga.* 620 (3) (34 S. E.

186). Accordingly, in the instant case, the decree of the Tennessee court could not have the effect of transferring the title to the realty here involved, as it was without jurisdiction so to do.

It may seem that—the decree of the Tennessee court having been granted under the law as it existed prior to the act of 1937, p. 861 (Code, Ann. Supp., § 113-1025), and the decree having been by agreement wherein the widow, one of the minors who had attained his majority, and the other two minors, consented thereto —such decree would be construed as having the effect of a deed, or voluntary conveyance. But to place such a construction on the proceedings would be tantamount to conferring jurisdiction on a court by consent of the parties where the court had no jurisdiction of the subject-matter.

Neither could this decree be given any effect as a muniment of title, on the theory that our law recognizes the conveyance of title to land by wills probated in other States. While the Code, § 113-709, provides for the transfer of realty by wills probated in other States by complying with certain specified provisions, yet this is permitted by express authority of the law-making power of the State, and is confined to judgments probating wills.

■ The written agreement of 1929, set up by the objectors in opposition to the widow's right to sell the described realty which was part of the year's support, does not attempt to transfer or assign this particular tract of realty. Nowhere in the contract is there a description of land that could be applied to the tract here involved. Furthermore, the contract provides that "Any item, such as realty or personalty not specified herein, will remain in the estate, to be later divided, as may appear for the mutual benefit of said heirs;" and also states that "Any property not included in the above division is to be divided equally between the said heirs after all just debts of the estate have been paid." Therefore, it is apparent that the title to this particular realty was not attempted to be transferred to anyone by the terms of this contract, and the contract presents no meritorious objection to the right of the widow to sell this realty.

■ Neither do the objections to the application for an order to sell set forth any other valid grounds. While it is alleged that the year's support was set aside under an oral agreement that it

would be subsequently divided between the widow and all the children, and that the widow thereby held the property in trust, such an agreement could not be given effect, as to do so would be engrafting an express trust by parol upon a judgment of the court of ordinary. This could not be done upon a deed (*Jones* v. *Jones,* 196 *Ga.* 492, 26 S. E. 2d, 602, and citations), and certainly could not be done upon a judgment of a court of record. Neither are there sufficient allegations of fraud in procuring the judgment setting aside the year's support to constitute valid objections to the sale. Nor do the objections negative the widow's right to sell by reason of a prescriptive title in the objectors based upon adverse possession, as the allegations by the objectors show that the widow and children were cotenants. Code, § 85-1005.

Accordingly, the trial court erred in overruling a general demurrer to the objections filed; and further proceedings were nugatory.

*Judgment reversed. All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*