**ESTATE OF Proctor D. RENSENHOUSE, Deceased, The Michigan Trust Company, Executor, Petitioner on Review,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent on Review.**

No. 13234.

United States Court of Appeals
Sixth Circuit.

Feb. 13, 1958.

As Amended March 3, 1958.

A. L. Schapiro and Robert F. Fuchs, Chicago, Ill., for petitioner.

Charles K. Rice, Ellis N. Slack, Nelson P. Rose, Charles O. Johnson, Lee A. Jackson and L. W. Post, Washington, D. C., for respondent.

Before ALLEN and McALLISTER, Circuit Judges, and LEVIN, District Judge.

PER CURIAM.

The above cause coming on to be heard upon the record, the briefs of the parties, and the arguments of counsel in open court, and it appearing that petitioning executor claimed a marital deduction for a widow's allowance under Section 812(e) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e), and that the Tax Court denied such claim on the ground that the widow's allowance did not constitute property passing from the decedent, as defined in Section 812(e)(3); and it further appearing that the grounds upon which the Tax Court decided the case have been abandoned by the Treasury Department and by present counsel for the Commissioner on this appeal; and it appearing that the single and controlling issue, now presented to the court, is whether the widow's allowance in question was a "terminable interest" within the meaning of Section 812(e)(1)(B) of the Internal Revenue Code of 1939, as amended; and it appearing that respondent contends that it is a terminable interest because it does not vest until after a petition has been filed for such allowance; and, further, that the allowance of the deduction depends on whether the widow received an indefeasible interest in the estate of her husband when he died; and it appearing that petitioner contends that such allowance is an indefeasible, vested right under the law of Michigan, relying upon King v. Wiseman, D.C., 147 F.Supp. 156; and it further appearing that petitioner contends that such interest qualifies for the marital deduction without regard to whether the allowance vests or not, since Congress did not intend the terminable interest rule to be applicable to a widow's allowance; and it further appearing that the Tax Court has not passed upon these contentions of petitioner; and the court being duly advised,

Now, therefore, it is ordered, adjudged, and decreed That the case be and is hereby remanded to the Tax Court for its further consideration and for its decision on the issue whether such allowance constituted a terminable interest within the meaning of Section 812(e)(1)(B) of the Internal Revenue Code of 1939, as amended, and whether the terminable interest rule is applicable to a widow's allowance, under the statute.