ESTATE OF EDWARD A. CUNHA, DECEASED, BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63879. Filed June 30, 1958.

*J. Donald Pettus, Esq.*, for the petitioners.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The Commissioner determined a deficiency in estate tax of $1,738.80.

The only question for decision is whether the amount of the family allowance paid to decedent's widow pursuant to section 680 *et seq.* of the California Probate Code qualifies for the marital deduction under section 812 (e) of the Internal Revenue Code of 1939.

All of the facts are stipulated and are so found. A summary of the facts shows the following: Decedent Edward A. Cunha died on August 6, 1954, at which time he was a resident of Menlo Park, County of San Mateo, California. He was survived by his widow, Helen V. Cunha, and by his son, William Edward Cunha. The decedent left a will, dated March 31, 1952, with codicils dated July 16, 1952, December 12, 1952, and February 2, 1953. Bank of America National Trust and Savings Association was named executor in the will.

The executor filed a petition for probate of the will and codicils on August 13, 1954, and filed an amended petition for probate on August 18, 1954, with the Superior Court of the State of California, in and for the County of San Mateo. At this time the court appointed Bank of America National Trust and Savings Association the qualified and acting executor, and Bank of America National Trust and Savings Association continues to be the qualified and acting executor of the estate.

On September 2, 1954, the court after due notice and hearing made and entered an order for family allowance for the benefit of decedent's widow in the sum of $600 per month. By an order of the court dated December 6, 1954, the family allowance was increased to $900 per month. The total family allowance paid to the widow during the period of the probate proceedings which terminated in November 1955 was $10,500.

Under the terms of decedent's will, after some small specific bequests, the residue of the decedent's estate was devised and bequeathed in the ratio of 40 per cent to the widow, and 60 per cent to decedent's son.

Thereafter, the executor filed on behalf of decedent's estate a Federal estate tax return on Form 706 with the district director of internal revenue at San Francisco, California.

The Federal estate tax return reflected a total gross estate in the sum of $392,634.95 and a net estate on which basic tax was payable in the sum of $102,715.65. The net estate for additional tax was shown to be $142,713.65. Under Schedule M, there was set out the total sum of the family allowance of $10,500 which had theretofore been paid to the widow, and this was deducted in full in computing the widow's marital deduction.

The Commissioner disallowed 60 per cent of this deduction, and increased the net taxable estate by the sum of $6,300 and determined a deficiency of $1,738.80.

The Commissioner contends that the family allowance in this case fails to qualify for the marital deduction under section 812 (e)[1] because it is a "terminable interest" in property passing to the surviving spouse. In other words, the argument is that since under California law the widow's interest in the family allowance will terminate or fail on the widow's death or remarriage, it is a "terminable interest" for which "no deduction shall be allowed."

We have not heretofore decided this question. It was raised in *Estate of Proctor D. Rensenhouse*, 27 T. C. 107, which involved a Michigan estate, but was passed over because we decided that the widow's allowance was not an interest in property passing from the decedent, thus making it unnecessary to consider the issue of whether the allowance was a terminable interest. On appeal, the "grounds upon which the Tax Court decided the case" were abandoned "by the Treasury Department" and the case was remanded to this Court to determine whether the allowance constituted a terminable interest and whether the widow's allowance is, under the statute, subject to the terminable interest rule. *Rensenhouse* v. *Commissioner*, (C. A. 6) 252 F. 2d 566. The case is now under consideration.

We repeat here the legislative background of the problem which was stated in *Rensenhouse, supra:*

Prior to the enactment of the Revenue Act of 1950, the item here involved would have been deductible from the decedent's gross estate pursuant to section 812 (b) (5) of the Internal Revenue Code of 1939, which provided for the deduction of—

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of a gross estate—

\* \* \* \* \* \* \*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii))—

(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—
 *       *       *       *       *       *       *

(5) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent,
as are allowed by the laws of the jurisdiction * * * under which the estate is being administered, * * *

However, by section 502 of the Revenue Act of 1950 this subsection of the Internal Revenue Code was repealed. The report of the Senate Finance Committee with regard to the Revenue Act of 1950, dated August 22, 1950 (S. Rept. No. 2375, 81st Cong., 2d Sess., 1950–2 C. B. 483, 525), gives the following explanation of this action:

Section 812 (b) of the Code allows the gross estate of a decedent to be reduced for estate tax purposes by amounts "reasonably required and actually expended" for the support of the decedent's dependents during settlement of the estate to the extent that such expenses are allowed by State law. This deduction is inconsistent with the concept of the estate tax as a tax on all properties transferred at death. In practice it has discriminated in favor of estates located in States which authorize liberal allowances for the support of dependents, and it has probably also tended to delay the settlement of estates.

Section 502 of your committee's bill repeals this particular feature of the estate tax law. This amendment will apply with respect to estates of decedents dying after the date of enactment of this bill.

It is estimated that this action will increase the revenues by about $3,000,000 annually.

The report of the Ways and Means Committee of the House of Representatives with regard to this Revenue Act, dated June 23, 1950 (H. Rept. No. 2319, 81st Cong., 2d Sess., 1950–2 C. B. 380, 478), gives the following explanation:

This section amends section 812 (b) of the Code (relating to deductions from gross estate of a decedent) to eliminate, effective with respect to estates of decedents dying after the date of enactment of the bill, the deduction for amounts expended for the support, during the settlement of the estate, of dependents of the decedent.

Under existing law amounts expended in accordance with the local law for support of the surviving spouse of the decedent are, by reason of their deductibility under section 812 (b), not allowable as a marital deduction under section 812 (e) of the Code. However, as a result of the amendment made by this section, such amounts heretofore deductible under section 812 (b) will be allowable as a marital deduction subject to the conditions and limitations of section 812 (e).

Petitioner, being foreclosed by the Revenue Act of 1950 from deducting this payment to the widow as a part of "Expenses, Losses, Indebtedness and Taxes" deductible under section 812 (b), seeks to deduct it under section 812 (e) (1) providing for the deduction of "Allowance of Marital Deduction."

The narrow question then is whether the widow's allowance is an interest which will "terminate or fail." The nature of the allowance depends upon State law. See *Rensenhouse, supra,* and *Estate of Harriet C. Evilsizor,* 27 T. C. 710.

The applicable sections of the California Probate Code follow:

Sec. 680. (Right to allowance: Who entitled: Necessity: Duration: Preference: Time of taking effect.) The widow, widower and minor children are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances, during the progress of the settlement of the estate, which in the case of an insolvent estate, must not continue longer than one year after granting letters. Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration, and may, in the discretion of the court or judge granting it, take effect from the death of the decedent.

Sec. 681. When may be granted: (Power of court: Granting prior to inventory: Subsequent granting or modification: Hearing: Notice.) Such allowance may be granted before the inventory is filed, either by the court or a judge thereof; in which case it shall continue until modified by the court. After the inventory is filed the court may grant such allowance, or may modify any allowance made before the filing of the inventory, upon the petition of any person interested and a hearing after notice given for the period and in the manner required by section 1200 of this code.

Sec. 682. (Where parties have other support: Need for allowance as affecting granting thereof.) If the widow, widower, or any minor child has a reasonable maintenance derived from other property, and there are other persons entitled to a family allowance, the allowance shall be granted only to those who have not such maintenance.

The Commissioner acknowledges that if under the applicable State statutes the widow's allowance is a vested right of property which is not divested by her death or other contingency so that any unpaid part would become an asset of her estate, the interest would be properly deductible in computing the marital deduction. Rev. Rul. 53–83, 1953–1 C. B. 395. But he points out that the California courts have held that the widow's allowance terminates or abates upon her death or remarriage and petitioner concedes this to be the effect of *In re Blair's Estate*, 42 Cal. 2d 728, 269 P. 2d 612. We so read that case.

Petitioner seems to argue, however, that in this case the allowance was a vested interest and since the estate has been settled and the allowance has all been paid, there is no interest which would terminate or abate. We think that this approach would be tantamount to interpreting the applicable sections of the Internal Revenue Code by hindsight, by waiting to see what happens in a particular case, and that this is not proper. Rather, we think, we must examine the widow's interest at the time that interest arose to determine whether it is terminable and that is at the time the Probate Court entered its order granting the allowance. At that time the right, as we see it, *was* subject to termination in the event of her death or remarriage and so was a terminable interest in property passing to the widow from her husband. The allowance was thus an interest for which, in the words of section 812 (e) (1), "no deduction shall be allowed." We uphold the Commissioner's action.

*Decision will be entered for the respondent.*