ESTATE OF WILLIAM LAMAR HAILEY, KATHERINE McKAY HAILEY, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78180. Filed April 20, 1961.

*Harvey H. Hunt, CPA*, for the petitioner.
*James E. Johnson, Jr., Esq.*, for the respondent.

OPINION.

DRENNEN, *Judge:* Respondent determined a deficiency in estate tax against petitioner in the amount of $5,385.51.

The only issue is whether an amount set apart from the estate as a "year's support" for the widow and minor child under the law of Georgia qualifies for the marital deduction under section 2056 of the Internal Revenue Code of 1954.

All of the facts have been stipulated and are so found.

William Lamar Hailey, hereinafter referred to as the decedent, died testate on June 8, 1955, a resident of Hartwell, Georgia.

Decedent was survived by his wife, Katherine McKay Hailey, a son, and two daughters. Two of the children had reached their majority and the third, Nancy Hailey, was 16 years of age at the time of decedent's death. Decedent left an estate valued at approximately $155,000 after payment of all debts and administrative expenses other than estate and inheritance taxes. His will provided that all of his property both real and personal be shared equally among his wife and three children, "subject to the following:

"1. My Wife shall have the right of a twelve month's Support and she is named sole Executrix of my estate with the right to sell, mort-

age [sic] or otherwise of any and all property that I may die seized and possessed of. * * *"

On November 7, 1955, decedent's widow petitioned the Court of Ordinary of Hart County, Georgia, for the setting apart of a year's support for the widow and her one minor child provided for by Georgia statute. Pursuant to the procedures detailed by Georgia law, the court appointed appraisers to determine the sum necessary for a year's support. On the basis of this report, the court by final judgment at the December 1955 term of the Court of Ordinary ordered that a year's support of $25,000 in cash be set apart for the widow and child. The amount so set apart was paid by the estate.

Decedent's widow is living at the present time and has not remarried.

In computing its Federal estate tax petitioner claimed as a portion of the marital deduction under section 2056(a) of the 1954 Code [1] the amount of $25,000 awarded by the Georgia court as a "year's support" to Katherine McKay Hailey and her minor child. Respondent in his determination disallowed this claimed deduction, principally on the ground that the allowance, under the applicable law of Georgia, constitutes a "terminable interest" and is, as a result, nondeductible under the express provisions of section 2056(b)(1). [2] Respondent also argues on brief that the $25,000 allowance does not qualify for the marital deduction since it was set aside for the widow and minor child in gross and petitioner has not shown a definite and ascertainable interest passing from decedent to his surviving spouse. In accord with his position taken in *Estate of Edward A. Cunha*, 30 T.C. 812 (1958), affd. 279 F. 2d 292 (C.A. 9, 1960), certiorari denied 364 U.S. 942 (1961); *Estate of Proctor D. Rensenhouse*, 31 T.C. 818 (1959), redetermining 27 T.C. 107 (1956) upon remand from 252 F. 2d 566 (C.A. 6, 1958); and *Estate of Margaret R. Gale*, 35 T.C. 215 (1960), respondent does not question

---

[1] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

[2] SEC. 2056. (b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed * * * from the decedent to any person other than such surviving spouse * * *; and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

that the year's support allowance was an interest in property which passed from decedent to his surviving spouse; and we approach this case on the basis that the point is not in issue.

Petitioner's primary contention is that the terminable interest rule is not applicable to amounts provided for or set apart under State statutes as widow's allowances or "year's support." This position is based on an analysis of the legislative history of section 2056 of the 1954 Code and its predecessor section 812(e), and section 812(b) (5) of the 1939 Code which, prior to its repeal by the Revenue Act of 1950, provided specifically for the deduction from gross estate of support allowances. Petitioner's position, and the legislative history upon which it is based, has been fully detailed and considered by this Court in *Estate of Edward A. Cunha, supra*, and *Estate of Proctor D. Rensenhouse, supra*. We feel it unnecessary to again review the congressional history and, on the authority of the cited cases, hold that the terminable interest rule is applicable to the type of allowance here under consideration.[3]

Our attention, then, is directed to the question of whether the allowance provided for under Georgia law constitutes a terminable interest and is, as a result, nondeductible.

For the years here involved the applicable sections of the Georgia Code provide as follows:

Sec. 113–1002. Year's support to family; appraisers, appointment and duties of; amount of estate set aside; taxes and tax liens; time of filing application.—Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of administration, in case there is administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate. * * * All applications for a year's support from the estate of a decedent shall be filed within seven years from the date of the death of such deceased. * * * [4]

\*        \*        \*        \*        \*        \*        \*

---

[3] Compare *Quivey* v. *United States*, 176 F. Supp. 433 (D.C. Nebr. 1959), and discussion thereof by the Court of Appeals in *Cunha's Estate* v. *Commissioner*, 279 F. 2d 292 (C.A. 9, 1960).

[4] This section was superseded by the Acts of the General Assembly of 1958, pp. 657, 666. Among the salient features of the new law were requirements that if the application is by a widow, or for her benefit, it shall be filed during the life and widowhood of the widow, and not otherwise; and the time of filing was reduced from 7 to 3 years.

Sec. 113–1006. Same; title to property set apart.—The property so set apart by the appraisers shall vest in the widow and child, or children; and if no widow, in such children, share and share alike; and the same shall not be administered as the estate of the deceased husband or father. (Acts 1862–3, pp. 30, 31.)

\*     \*     \*     \*     \*     \*     \*

Sec. 113–1023. Title in widow, when.—Where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, incumbrance, or disposition. (Acts 1937, p. 861.)

\*     \*     \*     \*     \*     \*     \*

Sec. 113–1033. Year's support of widow barred by death or remarriage.—The right of a widow to a year's support from the estate of her deceased husband shall be barred by the death of said widow, or by the subsequent remarriage of said widow, prior to the setting apart of such year's support. The right of a widow to a year's support from the estate of a decedent shall be barred by the death of said widow after 12 months from the date of the death of said decedent and prior to the filing of the application for such year's support.[5]

Respondent bases his position on section 113–1033, above, and argues that the right of the widow to an allowance at the time of decedent's death was not a vested right in property, or an interest which would survive as an asset of her estate as of any moment following her husband's death, but rather was an interest that was contingent upon her living and not remarrying prior to the setting apart of the property.

This argument, based on the same statute, was quite recently considered by the United States District Court for the Southern District of Georgia in *First Nat. Bank & Trust Co. of Augusta* v. *United States*, 191 F. Supp. 446 (1960), and rejected, the court concluding that section 113–1033 of the Georgia Code was in the nature of a statute of limitations which barred the setting apart of the year's support in the case of the widow's death or remarriage and, being adjective, had no substantive effect on the widow's interest in the property passing to her from the decedent after timely application and award. The court there said that "it is obvious that a year's support under the Georgia Statute, *where no minors are involved*, does qualify for the marital deduction." (Emphasis supplied.) This conclusion finds support in some of the language of this Court in *Estate of Margaret R. Gale, supra,* and in *Estate of Edward A. Cunha, supra,* wherein it is said (p. 816) :

Rather, we think, we must examine the widow's interest at the time that interest arose to determine whether it is terminable and that is at the time the Probate Court entered its order granting the allowance. \* \* \*

---

[5] This section was repealed by the Acts of the General Assembly of 1958, pp. 657, 673. Provision requiring application for widow's support to be filed during life and widowhood incorporated in section 113–1002. See footnote 4.

However, we need not consider the validity of the above argument because, in our opinion, the fact that the year's support here was made in gross to the widow and a minor child, with the attendant rights and interests of each under Georgia law, makes the widow's interest a terminable interest within the meaning of section 2056(b)(1) of the 1954 Code, and therefore not deductible. It will be noted that in the *First Nat. Bank & Trust Co.* case the year's support was awarded to the widow alone, and the court appears, in the quoted language emphasized above, to recognize that this might make a difference.

Whereas an award to the widow alone is governed by section 113–1023 of the Georgia Code, separate and distinct provision is made under the Georgia statutes for awards that involve minor children as well as a widow. Section 113–1006 of the Georgia Code provides that property set apart and awarded for support shall vest in the widow and children. The many Georgia cases interpreting this provision have made it clear that the award is taken by the widow and children in gross, and not separately. For as long as it lasts it is to be devoted to the joint support and maintenance of the widow while she lives and of the children until they marry or reach majority. Beneficiaries who cease to be such—the widow, by her death, the children, upon their majority, marriage, or death—have no immediate rights to the unconsumed portion of the property as long as there still exists one beneficiary. The remaining beneficiaries have the exclusive right to control and to consume all of the property for their support and maintenance. Their rights include the power to sell and convert to cash at any time any real property that may have been set apart and awarded. *Walden* v. *Walden*, 191 Ga. 182, 12 S.E. 2d 345 (1940); *King* v. *King*, 203 Ga. 811, 48 S.E. 2d 465 (1948); *Moore* v. *Pittman*, 185 Ga. 619, 196 S.E. 50 (1938); *McCommons* v. *Reid*, 201 Ga. 500, 40 S.E. 2d 73 (1946).

In the instant case, then, if the widow had died shortly after the support allowance had been awarded by the court, her surviving minor child would have become entitled to sole control of all of the property and to consume it at will. The widow's estate would have had at that time no claim on any of the property. *Grace* v. *Rouse*, 202 Ga. 720, 44 S.E. 2d 762 (1947). Although it is unclear under the Georgia case law whether the widow's estate would retain an interest which would subsequently entitle it to share in any property that may be unconsumed at the time the surviving minor attains majority or marries, cf. *Walden* v. *Walden, supra*, it is apparent that any interest that the widow may have at the time of her death would be contingent upon and could be effectively terminated by consumption by the surviving minor beneficiary. By virtue of the inclusion of a minor child in the award here involved, then, and the effect of Georgia's

special statutory provision in these circumstances, the widow's allowance in this case is necessarily a "terminable interest." [6]

As previously noted, respondent does not argue that the allowance here involved was not an interest in property passing from decedent to his surviving spouse; nor does petitioner argue that the allowance was not an interest in such property which, upon termination or failure of the widow's interest therein, passes or has passed from the decedent to any person other than the surviving spouse, as required by section 2056(b)(1)(A) of the 1954 Code, and by reason of such passing such person may possess or enjoy any part of such property after such termination, as required by section 2056(b)(1)(B). It will be observed, however, that both the widow and minor child took their interests in the allowance under the same statute; that the statute provides that the property so set apart shall vest in the widow and child, or children; that the allowance was in gross and not separable, see *McCommons* v. *Reid*, *supra;* and that the rights of the minor child in the same property upon the widow's death spring from the same legislation which gives the widow and minor child an interest in the property in the first place. It seems highly unlikely, under the circumstances, that the interest which passes to the minor child could be considered any less an interest in such property passing from decedent to another person than could the interest of the widow be considered to be an interest in property passing from decedent to his surviving spouse. If neither qualifies as an interest in property passing from decedent, the allowance would not be deductible under section 2056 of the 1954 Code.

In our view, the direction in decedent's will that "my Wife shall have the right of a twelve month's Support" does not constitute a specific bequest nor make the interest accruing to the widow any less "terminable." Decedent appears only to be acknowledging the statute and relying on it to determine the amount and rights of the widow to "Support," and, more specifically, to be assuring that the bequest of a portion of his property to his wife is not to be construed as being in lieu of a "year's support." [7] The allowance here involved was awarded under the statute which gave the minor child an equal interest therein.

*Decision will be entered for the respondent.*

---

[6] Compare *Molner* v. *United States,* 175 F. Supp. 271 (N.D. Ill. 1959), wherein the court found that the amount awarded to a widow, under an Illinois statute which provided for allowance of a reasonable sum for support of widow and minor children, was not a terminable interest. However, it is not clear that there were any minor children involved and the court also limited its conclusion to the separable amount that was awarded for the support of the widow.

[7] Sec. 113–1007. Same; provision in will in lieu of year's support.—A testator may, by his will, make provision in lieu of this support for 12 months; in which case the widow may elect, under the same rules as regulate her election of dower.