*Decision will be entered under Rule 50.*

ESTATE OF MICHAEL G. RUDNICK, CHARLOTTE R. HIRSHBERG, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83247. Filed September 15, 1961.

*Benjamin Arac, Esq.*, and *David M. Scheffer, Esq.*, for the petitioner.
*Lawrence A. Wright, Esq.*, for the respondent.

### OPINION.

DRENNEN, *Judge:* Respondent determined a deficiency in the estate tax liability of petitioner in the amount of $1,768.09. The only issue for decision is whether a widow's allowance paid to decedent's wife under Massachusetts law qualifies for the marital deduction under section 2056 of the Internal Revenue Code of 1954.

All the facts were stipulated and are found as stipulated.

Michael G. Rudnick died intestate on August 21, 1955, a resident of Brookline, Massachusetts. He was survived by his widow, Charlotte R. Rudnick, who has since remarried and is now named Charlotte R. Hirshberg, and his two daughters, both of whom were minors. Charlotte was appointed administratrix of the estate. A Federal estate tax return was filed for the estate on November 21, 1956, with the district director of internal revenue at Boston, Massachusetts.

By order of the Probate Court for the County of Norfolk, Massachusetts, dated December 14, 1955, Charlotte R. Rudnick, as widow of Michael G. Rudnick, deceased, was allowed the sum of $10,000 from the personal estate of the deceased "as necessaries for herself and family under her care, in addition to the provisions and other articles by law belonging to her." The $10,000 was paid to the widow in a lump sum.

The $10,000 allowance distributed to the widow was specifically shown on the accountings of the administratrix which were approved by the judge of the Probate Court, with a guardian *ad litem* consenting thereto. The second and third accountings of the administratrix do not disclose the return of any funds from Charlotte R. Rudnick (Hirshberg) although her remarriage is indicated thereon. Charlotte has never returned any portion of the $10,000 allowance granted to her.

A deduction was claimed as part of the "marital deduction" on Schedule M of the estate tax return for the $10,000 allowance paid to Charlotte. Respondent disallowed $6,666.67 of the $10,000 claimed, and allowed $3,333.33 in recomputing the marital deduction.

Section 2056 (a) of the 1954 Code [1] allows a deduction from the value of the gross estate of an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but the deduction is limited by section 2056 (b) [2] which denies the deduction if the interest passing to the surviving spouse is a terminable interest. The basic principle underlying the above provisions is that the spouse first to die may pass on to the surviving spouse free of estate tax up to one-half of his or her estate, provided the property so transferred will be taxable in the estate of the surviving spouse if on hand at the death of the surviving spouse. *Estate of Edward F. Pipe*, 23 T.C. 99 (1954), affd. 241 F. 2d 210 (C.A. 2, 1957), certiorari denied 355 U.S. 814 (1957).

Petitioner contends briefly (1) that the terminable interest rule does not apply to widow's allowances, and principally (2) that the widow's allowance here involved is not a terminable interest. Respondent contends that two-thirds [3] of the widow's allowance is a terminable interest, and therefore nondeductible, because (1) the widow's allowance would terminate under Massachusetts law upon her death, and (2) the allowance having been granted "to the sur-

---

[1] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

[2] SEC. 2056. (b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ;

[3] One-third was allowed presumably because respondent determined that the widow would take one-third of the residuary estate outright in any event as an heir, and this was merely an advancement to her. See Rev. Rul. 56-26, 1956-1 C.B. 447.

viving widow and to the decedent's two surviving minor children in a lump sum, the amount attributable to the surviving spouse alone is not ascertainable and would be payable to the minor children on the widow's death."

With reference to petitioner's first contention, this Court has held in a number of recent decisions that the terminable interest rule does apply to widow's allowances. *Estate of William Lamar Hailey*, 36 T.C. 120 (1961); *Estate of Margaret R. Gale*, 35 T.C. 215 (1960); and *Estate of Proctor D. Rensenhouse*, 31 T.C. 818 (1959), redetermining 27 T.C. 107 (1956) upon remand from 252 F.2d 566 (C.A. 6, 1958).

There being no argument by either party that the allowance, or right thereto, is not an interest in property passing from decedent to his surviving spouse nor an interest in such property, which upon termination of the widow's interest therein passes from decedent to some person other than the surviving spouse, cf. *Cunha's Estate* v. *Commissioner*, 279 F.2d 292 (C.A. 9, 1960), affirming 30 T.C. 812 (1958), certiorari denied 364 U.S. 942 (1961); *Estate of William Lamar Hailey, supra*, the only question is whether "on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur," the allowance to the widow "will terminate or fail." This is a question which must be determined under State law. *Estate of Edward A. Cunha*, 30 T.C. 812 (1958), and the cases cited above.

While it has been said that the right to receive a widow's allowance must be characterized according to the attributes it possesses at the instant of decedent's death, *Cunha's Estate* v. *Commissioner, supra*, we have held that the fact that the widow has to make application to the Probate Court for enforcement of this right to an allowance is not such a contingency upon which the "interest passing to the surviving spouse will * * * fail" within the meaning of the statute, *Estate of Proctor D. Rensenhouse, supra, Estate of Margaret R. Gale, supra*, and that "we must examine the widow's interest at the time that interest arose to determine whether it is terminable and that is at the time the Probate Court entered its order granting the allowance." *Estate of Edward A. Cunha, supra*. The Court of Appeals' opinion in *Cunha's Estate* v. *Commissioner, supra*, when carefully analyzed, seems to recognize this principle.

Turning now to the Massachusetts law to determine the characteristics of the widow's allowance in this case, we find that Mass. Gen. Laws, ch. 196, sec. 2 (1932), under which this allowance was decreed, reads as follows:

Allowance of Necessaries. Such parts of the personal property of a deceased person as the probate court, having regard to all the circumstances of the case, may allow as necessaries to his widow for herself and for his family under her

care, or if there is no widow or if the deceased was a woman, to the minor children of the deceased, not exceeding one hundred dollars to any child, and also such provisions and other articles as are necessary for the reasonable sustenance of his family, if the deceased was a man, or of her minor children, if the deceased was a woman, and the use of the house of the deceased and of the furniture therein for six months next succeeding his or her death, shall not be taken as assets for the payment of debts, legacies or charges of administration. After exhausting the personal property, real property may be sold or mortgaged to provide the amount of allowance decreed, in the same manner as it is sold or mortgaged for the payment of debts, if a decree authorizing such sale or mortgage is made, upon the petition of any party in interest, within one year after the approval of the bond of the executor or administrator.

The decree awarding the allowance here was on a printed form and was in the language of the statute, the pertinent part of which read:

It appearing that she is the widow, and entitled to an allowance as aforesaid; personal estate of said deceased to the amount of TEN THOUSAND (10,000) dollars is hereby allowed to her as necessaries for herself and family under her care, in addition to the provisions and other articles by law belonging to her.

This statute, which appears to have been in the Massachusetts laws for a number of years in much the same form, has been interpreted frequently by the Massachusetts courts, but the precise question in which we are interested, i.e., whether "the allowance, once made, would fail under State law," *Estate of Margaret R. Gale, supra,* upon the death or remarriage of the widow, does not appear to have been passed upon by those courts. We must, therefore, determine what the Massachusetts law is from the statute itself and inferences that can be drawn from the Massachusetts cases cited to us and which we have been able to find. *Estate of Proctor D. Rensenhouse, supra.*

A widow's allowance in Massachusetts is an important right which takes precedence over debts and expenses. *Glover* v. *Glover,* 215 Mass. 576, 102 N.E. 945 (1913). An allowance to the widow may be proper even if the estate is insolvent. *Dale* v. *Hanover Nat. Bank,* 155 Mass. 141, 29 N.E. 371 (1891). The amount of the allowance is within the discretion of the Probate Court and once granted is not subject to collateral attack but can only be set aside on direct appeal. *Litchfield* v. *Cudworth,* 32 Mass. 23 (1833); *Vaughan* v. *Smith,* 335 Mass. 418, 140 N.E. 2d 195 (1957). In *Pettee* v. *Wilmarth,* 87 Mass. 144 (1862), it was held that an allowance decreed which had not been appealed could not be reduced even by the Probate Court which had granted it in a later stage of the probate proceedings, the court saying: "When it was passed, the appellant had, of record, a vested right to the allowance of the first decree to her." The right to an allowance is personal to the widow and does not survive her unless a decree awarding it has become final prior to her death. *Adams* v. *Adams,* 51 Mass. 170 (1845).

Respondent relies on the *Adams* case, wherein it is said that the widow's allowance "confers no absolute or contingent right of prop-

erty which can survive her, or go to her personal representative," as authority for his contention that the widow's allowance will terminate upon the widow's death and is therefore a terminable interest. In *Adams* an allowance had been awarded to the widow which was pending on appeal when the widow died. When the personal representative of the widow's estate attempted to intervene, the case was dismissed on the theory that the appeal had vacated the decree making the award, and the right to the award being personal to the widow, there was no one after her death who could apply for the award in her place. The case stands for the proposition that if a widow dies before an allowance becomes final, no allowance can be granted. But it does not stand for the proposition that once finally granted, the award would terminate on the widow's death.

The later case of *Drew* v. *Gordon*, 95 Mass. 120 (1866), relied upon by petitioner, distinguished the *Adams* case, pointing out that there the decree not having become final, the widow's allowance had not been finally determined, and the court observed that "under some circumstances, an order for the payment of a certain sum might probably be sustained." In *Drew* the widow had been awarded $250 in value of assets of the estate which she might select. The decree was not appealed but the widow died before she made her selection and demand. The court held that this selection was a personal privilege and her personal representative could not substitute his choice for hers. The case was therefore remanded to determine whether the widow had demanded her allowance during her lifetime and, if she had, judgment should be entered for the personal representative. There is a strong inference from the *Drew* case that once the decree of allowance has become final and nothing remains to be done by the widow, the allowance could be collected by her estate if it had not been paid at the time of her death.[4]   See 3 Shouler, Wills, Executors and Administrators, sec. 2655 (6th ed.). This finds support in *Pette* v. *Wilmarth*, *supra*, quoted above, and also in *Estate of Margaret R. Gale*, *supra*, wherein this Court, in the absence of a Maine case directly in point, relied on the corollary of the rule laid down in *Tarbox* v. *Fisher*, 50 Me. 236 (1863), to hold that "upon the entry of a final decree of allowance, the widow's * * * right thereto would become absolutely vested and indefeasible, particularly after payment."

Furthermore, we find nothing in the Massachusetts statutes which would indicate that a widow's allowance once made and set aside to her, would revert to the estate or pass to anyone else in the event of her

---

[4] It might be argued that *Drew* v. *Gordon*, 95 Mass. 120 (1866), requires not only that the decree of allowance must be final but that the widow must also have made demand for the allowance before her death for the allowance to survive. However, the decision seems to turn more on the proposition that the right to select was personal rather than that a demand had to be made. In any event, where the evidence shows that the award has been paid before the widow's death, as here, we think a demand can be inferred.

death or remarriage. Here the Probate Court approved the administratrix's report including the allowance even though it was apparent on the face thereof that the widow had remarried.

Our conclusion is that under Massachusetts law a widow's allowance will fail if she dies before a decree awarding it to her becomes final but once the decree has become final, her right thereto becomes vested and the amount thereof will become a part of her estate if she dies. The fact that the widow may die before the award becomes final does not make the allowance or the right thereto a terminable interest within the meaning of section 2056(b), see *Estate of Margaret R. Gale, supra*, wherein we held that the widow's allowance was not a terminable interest even though under Maine law the right to the widow's allowance lapsed if she died before the decree of allowance became final; and this is particularly true where the allowance is a lump sum which has been paid to her, in which event we find nothing in the Massachusetts law which would permit an interest in that particular property to pass from the decedent to anyone other than the surviving spouse, a condition required by paragraph (A) of section 2056(b)(1) to make it a terminable interest.

Respondent also contends that where the amount paid under the Massachusetts statutes "to a decedent's widow and his two surviving minor children for their support" is not allocated, the interest the widow takes is not ascertainable and her indefeasible right to the property cannot be determined, thereby rendering the allowance a terminable interest. The basis for this contention seems to be (1) that because a portion of the award must benefit the children, that portion is not integrated into the spouse's estate and would therefore also escape taxation in the widow's estate, and (2) that upon the widow's death the two surviving minor children would be entitled to possess or enjoy the allowance.

First, it will be observed that the language of both the Massachusetts statute and the decree provides an allowance *to the widow* as necessaries for herself and family under her care. Unlike Georgia law involved in *Estate of William Lamar Hailey, supra*, neither the Massachusetts law nor the decree provides for an allowance to both the widow and children. The statute provides for an allowance to minor children only in the event there is no widow or if the deceased was a woman, and a limit of $100 is placed thereon. In *Patterson v. Fine*, 287 Mass. 268, 191 N.E. 643 (1934), the court held that this provision for minor children was the only allowance to which they were entitled, and reversed a decree allowing a minor child $4,000 in addition to the $100 provided by statute. It can also be inferred from *Paine v. Hollister*, 139 Mass. 144, 29 N.E. 541 (1885), wherein a widow who had entered into an antenuptial agreement disclaiming all rights in her husband's estate was enjoined from demanding a widow's

allowance, that the right to a widow's allowance is personal to her and can be waived by her own independent act.

As heretofore stated, we find nothing in the statute or in the decree which would give this widow's minor children any rights in the allowance either during the widow's lifetime or after her death. Minor children have a right to be supported by their mother after their father's death, but this is a right granted by law and is not an interest passing to them from their father's estate. See *Nightingale* v. *Whitington*, 15 Mass. 272 (1818). And finally, it is recognized that a part or all of the property qualifying for the marital deduction may escape taxation in the surviving spouse's estate if it is either consumed by the surviving spouse or donated to others during her life. This does not prevent its qualification for the marital deduction. If so, an outright bequest to the widow in fee simple would not qualify.

We conclude that the $10,000 allowance awarded to the widow in this case was not a terminable interest and is allowable as a part of the marital deduction.

After trial of this case, petitioner amended its petition, praying that a Rule 50 procedure be authorized and directed to determine and allow a deduction for additional costs of administration necessitated by these proceedings. Respondent has advised the Court that he has no objection to the requested procedure. Consequently,

*Decision will be entered under Rule 50.*